OPINION
Appellant, Wesley Traylor, appeals a defense verdict in a medical negligence case following a bench trial in the Trumbull County Court of Common Pleas. Appellant appeals that decision solely on the basis of the manifest weight of the evidence. The record reveals the following procedural posture has occurred.
Appellant and his wife, Jo Ann Traylor, filed a complaint in the trial court on December 13, 1996, against appellees, Dr. J. Philip Davidson, Ohio Foot Institute, Inc., and a Jane Doe (name unknown) who was later identified as Tracey Maughan, an employee of the Ohio Foot Institute. Subsequently, the case against Maughan was settled and dismissed. The matter proceeded to a bench trial commencing on November 12, 1999, and continuing on January 6, 2000. On January 28, 2000, the trial court entered judgment for Dr. Davidson after finding that appellant had not proven that he or his agents were negligent. Appellant filed a notice of appeal from that order. Then, on February 29, 2000, the trial court issued a corrected judgment entry that also granted judgment in favor of the Ohio Foot Institute. Appellant filed another notice of appeal, and those two appeals have since been consolidated for all purposes by this court.
Appellant has set forth the following assignment of error:
 "The trial court erred to the prejudice of Plaintiff/Appellant in rendering a decision that is against the manifest weight of the evidence."
In his sole assignment of error, appellant contends that the trial court's decision is against the manifest weight of the evidence. InC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, the Supreme Court of Ohio stated that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." More recently, the Supreme Court of Ohio further discussed the manifest weight standard in Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226, stating:
 "We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77
* * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
Additionally, the Supreme Court of Ohio has held:
 "[I]t is for the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses. See Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96, * * *." (Parallel citations omitted.) Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23.
The facts of this case show that appellant injured his right foot while using a snow blower sometime in early 1996. When the foot did not improve after a month or two, appellant sought treatment from Dr. Davidson at the Ohio Foot Institute. Appellant was first examined by Dr. Davidson on May 25, 1996. Upon examination, Dr. Davidson found no cuts, abrasions or lacerations on appellant's foot but there was some swelling of the ankle. Dr. Davidson had appellant put his foot in a whirlpool, followed by ultrasound treatment. Then Dr. Davidson claimed that he taped appellant's foot by first wrapping gauze around the foot, then applying adhesive tape on top of the gauze. Dr. Davidson referred to this as a "Campbell" bandage. Dr. Davidson could not remember the exact details of applying the bandage, but he admitted that some of the tape perhaps 1/16 of an inch extended beyond the gauze and had direct contact with appellant's skin. Appellant, however, claimed that Dr. Davidson did not use gauze but, instead, applied an "elastikon type bandage" on his foot. Appellant was then sent home.
Three days later, on May 28, 1996, appellant returned for a follow-up visit. The first order of business was to remove the bandage from appellant's foot. According to appellant, Tracey Maughan cut the strapping through the center, then "yanked" off the bandage, ripping skin from the bottom of his foot and causing blood to "fly all over the place." He claimed he grabbed his foot and held it over the whirlpool, causing the water to become discolored from the dripping blood. Dr. Davidson was summoned to the room to stop the bleeding. He did so, then wrapped the foot again, this time using a three-by-five inch gauze bandage and two strips of adhesive tape.
Dr. Davidson and Tracey Maughan offered a different version of the events that occurred on appellant's second visit. Maughan testified that she did not "yank" the bandage off of appellant's foot but, instead, removed it in a careful, "professional" manner. She stated that there was an abrasion on appellant's foot about the size of a nickel. There was no ripping or tearing of the skin, nor was there excessive bleeding. In essence, this was nothing out of the ordinary. She testified that another assistant, Faith Forgac, treated the wound with a Q-tip and a solution called "Monsol's." Then, they called Dr. Davidson into the office to examine the foot. This was consistent with Dr. Davidson's testimony. He stated that when he walked into the room, he did not see any blood. There was no laceration or skin removal but only a simple small abrasion, similar to a carpet burn.
Furthermore, Dr. Davidson testified that he never had to make an incident report, which is required whenever there is any transfer of bodily fluids. Nor was the occurrence sufficient to make it into Dr. Davidson's notes that he keeps with respect to the treatment of all his patients. Moreover, after examining the foot, he merely applied a new bandage and sent appellant on his way. No further treatment was required at that time. Appellant was told to return for another visit in three days.
On May 31, 1996, appellant returned to Dr. Davidson's office. The new bandage was removed and he was instructed to put his foot into the whirlpool. Appellant refused out of fear that the water could cause further pain to his foot. Upon refusing to follow the instructions of the staff, the doctor/patient relationship between Dr. Davidson and appellant was terminated. On the following day, June 1, 1996, appellant sought treatment for his foot from his long-time family physician, Dr. Ravinder Nath.
Appellant filed his complaint against Dr. Davidson, the Ohio Foot Institute, and Tracey Maughan in December 1996. Appellant alleged that due to the negligent manner in which Maughan removed the bandage on May 28, 1996, flesh was torn from his foot causing profuse bleeding, extreme pain, and a large wound. As a result, he was forced to seek medical attention, he was unable to walk normally for many weeks, and he suffered permanent damage to his foot. Also included in the complaint was a claim by his wife for loss of consortium.
At trial, appellant offered the expert testimony of his family physician, Dr. Ravinder Nath, and Sharon P. Shipton, a nursing professor from Youngstown State University. Dr. Davidson countered with his own testimony, and that of Dr. Diana Karnavas, a board certified podiatrist. From a review of the foregoing testimony, it is clear that there was a difference of opinion between appellant's experts, and Dr. Davidson and his expert. It is apparent that the trial court simply found Dr. Davidson and his expert to be more credible. As previously stated, it is the responsibility of the trier of fact to resolve disputes of fact and weigh the credibility of the witnesses. After reviewing the record in this case, we cannot conclude that the trial court's decision was unreasonable, arbitrary or unconscionable. There was at least some competent, credible evidence supporting the trial court's decision.
Testimony presented by the defense was consistent in that it labeled appellant's injury as a simple abrasion. There was no profusion of blood, or blood "flying all over the place," as alleged by appellant. Skin was not torn or ripped. When Dr. Karnavas examined appellant's foot approximately nine months after the incident, she saw no scarring. Instead, her conclusion was consistent with an abrasive type injury as alleged by Dr. Davidson; not a laceration or tearing type injury. She saw no indication of any residual problem from the incident and no evidence of negligence.
Dr. Davidson's records indicate that no incident report was made, nor was the matter even mentioned in his notes. There was no record that the bleeding was so extensive as to require masks and gloves be worn during the clean-up effort, or that blood was spattered onto the walls of what was a very small room measuring forty-two inches by sixty-six inches.
The testimony of appellant's expert, Dr. Nath, in many ways, did not contradict the evidence presented by Dr. Davidson. Dr. Nath admitted that he was not a foot specialist but, rather, was engaged in the practice of internal medicine. He diagnosed appellant's injury as "an abrasion of the right foot," and when asked whether there should be any type of skin loss, laceration, or abrasion when taking off an adhesive bandage, he replied "[g]enerally not." (Emphasis added.) Thus, Dr. Nath's testimony was less than overwhelming in support of appellant.
Appellant attempts to discount the testimony of Dr. Karnavas by pointing out that, on one occasion, she mistakenly referred to appellant's injured foot as his left foot rather than his right foot. However, Dr. Karnavas was not challenged on that point and, moreover, such mistake would only go to the credibility of her testimony.
We offer no opinion on which expert testimony was more persuasive, for that is not our role. As this court has previously stated, the fact that an appellate court may very well disagree with the trier of fact's resolution of the factual conflict before it has no relevance in a manifest weight exercise. In re Howe (Aug. 6, 1999), Portage App. No. 98-P-0004, unreported, at 9-10. There was some competent evidence to support the trial court's opinion and, thus, it was not against the manifest weight evidence.
Based upon the foregoing analysis, appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
 ________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., GRENDELL, J., concur.